699 F.2d 438
 1 Soc.Sec.Rep.Ser. 176
 Leslie B. YOST, on behalf of herself and all others
similarly situated, Appellant,
v.
Richard S. SCHWEIKER, as Secretary of the Department of
Health and Human Services; and United States
Railroad Retirement Board, an agency of
the United States of America, Appellees.
 No. 82-1684.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 15, 1982.
Decided Feb. 10, 1983.
 
 Joseph Rimlinger, East River Legal Services, Sioux Falls, S.D., Gill Deford, Neal S. Dudovitz, Nat. Senior Citizens Law Center, Los Angeles, Cal., Eileen P. Sweeney, Toby S. Edelman, Nat. Senior Citizens Law Center, Washington, D.C., for appellant.
 Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., Theodore B. Olson, Asst. Atty. Gen., Thomas O. Sargentich, Robert B. Shanks, U.S. Dept. of Justice, Washington, D.C., for appellees.
 Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 The sole issue presented in this appeal is whether section 202(l ) of the Social Security Act, which limits the benefits that survivors of individuals who are fully insured under both the Social Security Act and the Railroad Retirement Act may receive, violates the equal protection component of the due process clause of the fifth amendment. The district court[1] applied the rational basis test and held that the statute satisfied this constitutional standard. We affirm.
 
 I.
 
 2
 Leslie Yost is the surviving divorced widow of Herbert Yost. Herbert Yost was fully insured under both the Social Security Act and the Railroad Retirement Act when he retired in 1962. The Yosts were divorced after forty-two years of marriage in 1966. Herbert Yost remarried in 1972. He died on May 9, 1976.
 
 
 3
 Leslie Yost applied for Social Security benefits based upon her former husband's work record in 1966. She was found eligible for those benefits as a divorced spouse and continued to receive them through 1978. By letter dated August 17, 1978, the Social Security Administration (SSA) notified her that she had erroneously been paid surviving spouse's benefits since Mr. Yost's death in 1976.[2]
 
 
 4
 The SSA determined that Yost was not eligible for Social Security benefits for surviving divorced spouses because of the operation of section 202(l ) of the Social Security Act, 42 U.S.C. Sec. 402(l ) (1976). this section provides That if "any person" is entitled to survivor's benefits under the Railroad Retirement Act, then no survivor's benefits shall be paid to "any person" on the basis of the earnings of an employee insured under both Acts.[3] Herbert Yost's second wife, Ruth Yost, is the "any person" who is eligible for survivor's benefits under the Railroad Retirement Act and who thus triggers Leslie Yost's ineligibility for Social Security benefits.[4]
 
 
 5
 After being told that she was ineligible for Social Security benefits, Leslie Yost sought to obtain benefits under the Railroad Retirement Act, but she was informed in 1980 that the Act did not provide benefits for divorced spouses. Yost then requested that the SSA reconsider its August 17, 1978, decision concerning her ineligibility for Social Security survivor's benefits, alleging that the provisions of section 202(l ) were unconstitutional. The SSA affirmed its 1978 determination and Yost and the SSA entered into a stipulation which constituted the agency's final decision and which stated that apart from section 202(l ), Leslie Yost's right to surviving spouse's benefits had been established.
 
 
 6
 Based upon this stipulation, Yost filed a complaint in the United States District Court for the District of Columbia.[5] She alleged that section 202(l ) violated the equal protection component of the due process clause of the fifth amendment and requested declaratory and injunctive relief on behalf of herself and a nationwide class of other similarly situated individuals. On March 16, 1981, the district court transferred Yost's complaint to the United States District Court for the District of South Dakota.[6]
 
 
 7
 The district court for the District of South Dakota certified Yost's action as a class action consisting of persons who are survivors of individuals who are or will be fully insured under both the Social Security Act and the Railroad Retirement Act and who, because of the operation of section 202(l ) of the Social Security Act, have been or will be denied the Social Security benefits to which they are otherwise entitled. Yost moved for summary judgment, alleging that the classification created by section 202(l ) was unconstitutional because survivors of individuals who are insured under only one Act receive benefits, while survivors in the class certified by the district court do not, for no legitimate reason. The SSA moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The government contended that section 202(l ) was a legitimate, constitutional means of limiting survivor's benefits.
 
 
 8
 The district court determined that the statute did not deny the certified class equal protection because it had a reasonable basis. The court concluded that section 202(l ) established an efficient mechanism to effectuate the congressional goals of (1) limiting benefits to survivors of individuals who were insured under both Acts to those available under the Railroad Retirement Act, (2) coordinating the two Acts, and (3) preserving the fiscal integrity of both systems. Accordingly, the court dismissed Yost's complaint and entered judgment in favor of the SSA.
 
 II.
 
 9
 On appeal, Yost challenges the equal protection standard applied by the district court, alleging that the government's "after-the-fact" justification to support section 202(l ) should be given more careful scrutiny. Yost argues that section 202(l ) does not represent an instance of permissible, albeit imprecise, "line-drawing" as the district court determined. Rather, she contends that the effect of section 202(l ) in her case is contrary to the stated legislative purpose, which she claims was to prevent the same individual survivor from obtaining benefits under both the Railroad Retirement Act and the Social Security Act. The operation of the statute to deny Social Security survivor's benefits to an individual who receives no Railroad Retirement benefits for the sole reason that the deceased wage earner was insured under both Acts is--in Yost's view--an unintended and irrational result.
 
 
 10
 The Railroad Retirement Act and the Social Security Act establish programs directed at the same general goal--the payment of retirement benefits to workers, their families, and survivors based on the wage-earners' years of service in a given occupation. While Social Security is considered an insurance program, the Railroad Retirement system is a combination insurance/private pension plan. See generally Hisquierdo v. Hisquierdo, 439 U.S. 572, 573-575, 99 S.Ct. 802, 804-805, 59 L.Ed.2d 1 (1979). Both Acts contain provisions which attempt to integrate and coordinate the two programs, as there are a significant number of railroad retirees who are also insured under the Social Security Act. Section 202(l ) is one such provision.
 
 
 11
 When section 202(l ) was originally enacted in 1950, neither statute provided benefits for divorced spouses. In 1965, Congress amended the Social Security Act to provide for such benefits. See Social Security Act Amendments of 1965, Pub.L. No. 89-97, Secs. 308(b)(1) & (c), 79 Stat. 286 (1965), reprinted in 1965 U.S.Code Cong. & Ad.News 305, 409-411. Congress did not amend the Railroad Retirement Act to provide for these benefits until 1981. See Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97-35, Sec. 1117, reprinted in 1981 U.S.Code Cong. & Ad.News (95 Stat.) 357, 628-630.
 
 
 12
 Thus, during the time period between the effective dates of the Social Security Act amendment in 1965 and the Railroad Retirement Act amendment in 1981, surviving divorced spouses of wage earners insured under the Social Security Act alone could receive benefits, but surviving divorced spouses of wage earners insured under the Railroad Retirement Act alone could not. Moreover, if a surviving divorced spouse had been married to an employee insured under both Acts and if the operation of section 202(l ) rendered the surviving divorced spouse ineligible for Social Security benefits, the surviving divorced spouse would not receive any benefits because the Railroad Retirement Act did not provide any.
 
 
 13
 Given these circumstances, Yost's argument on appeal is, in essence, that when Congress expanded the Social Security Act in 1965 to include benefits for surviving divorced spouses, it was required to make either a similar change in the Railroad Retirement Act or a change in section 202(l ) to prevent a constitutional violation from occurring. Although we are struck by the unfairness of the operation of the statute at issue during the time when Social Security provided benefits to divorced spouses and the Railroad Retirement Act did not, such unfairness does not rise to the level of a constitutional violation. See Schweiker v. Hogan, --- U.S. ----, ----, 102 S.Ct. 2597, 2609-2610, 73 L.Ed.2d 227, 242 (1982); Schweiker v. Wilson, 450 U.S. 221, 238-239, 101 S.Ct. 1074, 1084-1085, 67 L.Ed.2d 186 (1981).
 
 
 14
 In this case, Congress chose to coordinate the payment of survivors benefits under the two systems by limiting recipients to those benefits provided under the Railroad Retirement Act. This choice, viewed in the context of the statutory schemes as a whole, is not constitutionally infirm: it advances the legitimate goal of preventing dual payment of survivor's benefits on the basis of the same wage-earner's record. If Congress had intended only to prevent dual recovery by the same beneficiary, as Yost argues, Congress could have framed the statute to do so. Instead, it chose to limit the payment of benefits by the means stated in section 202(l ). Because we cannot say that this choice was an irrational one, appellant's constitutional challenge must fail. The decision of the district court is affirmed.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota
 
 
 [2]
 The Social Security Administration requested that Yost repay the benefits that she had received from 1976-1978, but it later withdrew that request
 
 
 [3]
 Specifically, 42 U.S.C. Sec. 402(l ) (1976) states:
 If any person would be entitled, upon filing application therefor to an annuity under section 2 of the Railroad Retirement Act of 1974 (45 U.S.C. 231a), or to a lump-sum payment under section 6(b) of such Act (45 U.S.C. 231e(b)), with respect to the death of an employee (as defined in such Act) no lump-sum death payment, and no monthly benefit for the month in which such employee died or for any month thereafter, shall be paid under this section to any person on the basis of the wages and selfemployment income of such employee.
 
 
 [4]
 Ruth Yost has applied for and has received benefits under the Railroad Retirement Act
 
 
 [5]
 Bertha Linderholm, a surviving divorced spouse who had also been denied Social Security benefits based upon the operation of section 202(l ), was also named as a plaintiff
 
 
 [6]
 Yost was a resident of South Dakota. Linderholm's complaint was transferred to the District of Minnesota, where it apparently is still pending