# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4290

_____

| | | |
|---|---|---|
| Clark K. Reter, | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review |
| v. | * | of a Decision of the |
| | * | Railroad Retirement Board. |
| Railroad Retirement Board, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 13, 2006
Filed: October 23, 2006

_____

Before LOKEN and ARNOLD, Circuit Judges, and DOTY,[1] District Judge.

_____

ARNOLD, Circuit Judge.

Clark Reter filed a claim under the Railroad Retirement Act (RRA) for disability annuity benefits based on his diminished hearing capacity and pain in his back, shoulders, legs, arms, and hands. *See* 45 U.S.C. § 231a(a)(1)(v). The Railroad Retirement Board denied his claim. He appealed and we affirm.

Mr. Reter was employed by the railroad industry from 1977 until 1988, when he stopped working after injuring his back. A few years later, Mr. Reter obtained an

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

associate's degree in commercial art. He then worked both as a graphic artist and as a web designer until 2001, when he stopped working because of alleged pain in his arms and hands. When Mr. Reter applied for a disability annuity under the RRA, his initial request was denied, as was his request for reconsideration. After holding an administrative hearing, a hearing officer sustained the denial of Mr. Reter's claim. Mr. Reter then appealed to the Railroad Retirement Board, and a majority of the Board "adopted" the hearing officer's decision, added a few additional comments, and denied the claim.

I.

If service requirements are met, the RRA provides an annuity to former railroad employees "whose permanent physical or mental condition is such that they are unable to engage in any regular employment." 45 U.S.C. § 231a(a)(1)(v). Because the rules for determining disability under the RRA are substantively identical to those under the more frequently litigated Social Security Act, we use social security cases as precedent for railroad retirement cases. *Fountain v. Railroad Ret. Bd.*, 88 F.3d 528, 530 (8th Cir. 1996); *Burleson v. Railroad Ret. Bd.*, 711 F.2d 861, 862 (8th Cir. 1983). We will affirm the Board's denial of disability annuity payments if its decision "is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." *Worms v. Railroad Ret. Bd.*, 255 F.3d 502, 505 (8th Cir. 2001).

To determine whether a claimant is entitled to disability annuity benefits, the Railroad Retirement Board, and the hearing officer on behalf of the Board, asks a series of questions derived from 20 C.F.R. § 220.100(b). Initially, the hearing officer determined that Mr. Reter was not engaged in "substantial gainful" employment, *see* 20 C.F.R. § 220.100(b)(1), and concluded at the second step that Mr. Reter had a "severe" hearing impairment, *see* 20 C.F.R. § 220.100(b)(2). Moving to the third step, the hearing officer found that Mr. Reter did not have an impairment or combination of impairments on a list appended to the regulations or medically equivalent to an impairment on that list. (A claimant with a listed or equivalent impairment is

generally deemed disabled.) *See* 20 C.F.R. § 220.100(b)(3). At step four, the hearing officer determined that Mr. Reter could return to his "past relevant work" as a graphic artist or web designer and therefore denied him benefits pursuant to 20 C.F.R. § 220.100(b)(4). Had the hearing officer concluded that Mr. Reter was unable to do his prior work, the burden would have shifted to the government to show that he could do other work in the economy. *See* 20 C.F.R. § 220.100(b)(5).

## II.

Mr. Reter maintains that the hearing officer erred at the second step of the inquiry by considering separately, rather than in combination, the effect of his hearing impairment and his other impairments on his ability to perform basic work activities. He maintains that this error carried over to step four, resulting in his being denied disability benefits.

At the second step, Mr. Reter had to show that he had a medically severe impairment, which is an impairment or combination of impairments that "significantly limit[ed] his ... physical or mental ability to do basic work activities." 20 C.F.R. § 220.100(b)(2). Even an impairment that is not severe by itself must generally be considered in combination with the claimant's other impairments, and "[i]f a medically severe combination of impairments is found" at step two, "it will be considered throughout the disability evaluation process." 20 C.F.R. § 220.104.

In this case, the hearing officer determined at step two that Mr. Reter had a severe hearing impairment. After discussing Mr. Reter's other alleged impairments in detail, however, the hearing officer concluded that Mr. Reter had not presented sufficient evidence to support those allegedly painful impairments. Neither the hearing officer nor the Board in its separate comments specifically considered Mr. Reter's hearing impairment "in combination" with his other alleged impairments during the evaluation process. But no error occurred unless Mr. Reter met his burden

-3-

of showing that he had another medically determinable impairment. *See Fountain*, 88 F.3d at 533; *cf. Cruse v. Bowen*, 867 F.2d 1183, 1187 (8th Cir.1989).

The hearing officer described the record supporting Mr. Reter's other impairments as "extremely thin and equivocal at best." Mr. Reter was not treated for these alleged impairments, and the hearing officer refused to "offer a speculative diagnosis" or to base a finding of disability on alleged impairments for which there was no medical diagnosis, treatment, or assessment of the efficacy of any treatment. Virtually the only evidence that Mr. Reter offered to support the impairments was a typewritten document in which he described his daily activities and complaints of pain, and his own testimony essentially reiterating what he had said in that document. The hearing officer found that Mr. Reter's "allegations of widespread, persistent pain" were "vastly disproportionate to the evidence" and thus not credible. The Board adopted the hearing officer's decision and did not question this credibility finding.

Because Mr. Reter relied so heavily on his own subjective complaints, we believe that his credibility plays a particularly significant role in this case. Although the Board may not disregard a claimant's subjective complaints based solely on the lack of objective medical evidence, that is one of many relevant circumstances that may be taken into account. *See Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995) (relying on *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (per curiam order)); *see also Fountain*, 88 F.3d at 531. Here the credibility finding had additional support: As we have said, Mr. Reter was not being treated for his alleged pain and there was no evidence of previous treatment. He testified that he was able to do little around the house and that his wife and mother-in-law did tasks that his pain prevented him from doing. But he did not offer their testimony or any other third-party testimony about his daily activities, his limitation of movement, the "duration, frequency, and intensity of [his] pain," or his "functional restrictions." *See Siemers*, 47 F.3d at 301. In addition, the hearing officer noted that Dr. Stanley Rabinowitz, a consulting physician hired by the Board, examined Mr. Reter and found that he had

no difficulty in ambulation or restrictions on his range of motion. In addition, the hearing officer referred to Dr. Rabinowitz's findings that Mr. Reter's straight leg raising, grip strength, digital dexterity, motor strength, and sensory examination was negative for limitations and the doctor's conclusion that Mr. Reter could do work at the medium, light, or sedentary levels of exertion. Dr. Rabinowitz also determined that Mr. Reter was not limited in his ability to perform manipulative functions.

Although Dr. John Debush, another consulting physician hired by the Board, concluded that Mr. Reter had some limitations not found by Dr. Rabinowitz, the hearing officer determined that the findings of Dr. Debush were based on Mr. Reter's subjective complaints, which were not credible. In any event, neither the hearing officer nor the Board was required to accept Dr. Debush's findings, which differed from those of another qualified physician. *See Bowman v. Railroad Ret. Bd.*, 952 F.2d 207, 211 (8th Cir. 1991). We believe that the hearing officer's credibility finding was adequately supported, and that the evidence provides ample support for his conclusion that Mr. Reter's only medically determinable impairment was his hearing loss. We therefore reject Mr. Reter's contention that the Board was required to consider his hearing impairment "in combination" with other alleged impairments.

## III.

Mr. Reter had the burden of showing that he had a medically severe impairment or combination of impairments that prevented him from working as a web designer or graphic artist. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). In concluding that Mr. Reter had not met his burden, the hearing officer noted that Mr. Reter was able to perform substantial work long after his hearing impairment was first diagnosed in 1990. The hearing officer recognized that Mr. Reter's hearing capacity had diminished since then, particularly in his left ear. But he observed that a new audiogram that the Board ordered showed that the claimant had only a marginal decrease in his hearing capacity in his right ear and that his speech discrimination in that ear was excellent and could be further improved with appropriate assistance. The

Board agreed with the hearing officer that Mr. Reter was able to work as a web designer or graphic artist. Having carefully reviewed the record, we reject Mr. Reter's remaining contentions that the Board's findings and decision were not supported by substantial evidence, and we affirm.

_____