# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1719

———————

Thomas E. Jones, Jr.,

                Appellant,

v.

ReliaStar Life Insurance Company;
ING Employee Benefits,

                Appellees.

    Appeal from the United States
    District Court for the
    Western District of Arkansas.

———————

Submitted: January 11, 2010
Filed: August 9, 2010

———————

Before SMITH and COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.

———————

COLLOTON, Circuit Judge.

Thomas Jones received long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. The plan is administered by ReliaStar Life Insurance Company ("ReliaStar") through ING Employee Benefits ("ING"), an internal business division of ReliaStar. Jones sued ReliaStar and ING after ReliaStar began offsetting the disability benefits he received under the Plan by the amount of disability benefits

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

he collected from the Department of Veterans Affairs ("VA"). The district court[2] denied Jones's motion for leave to conduct discovery, and determined that ReliaStar did not abuse its discretion in offsetting Jones's benefits. We affirm.

I.

Jones was employed as a trust officer at Hibernia Corporation until 2001. On August 1, 2001, Jones applied for long term disability benefits under Hibernia's ERISA-governed employee welfare benefit plan (the "Plan"), which was administered by ReliaStar. Jones's application for benefits listed his disability as gastroparesis. Jones's doctor submitted a letter to ReliaStar that explained that Jones's disability was caused by numerous conditions, including type II diabetes mellitus, peripheral neuropathy, and diabetic gastroparesis. ReliaStar approved Jones's disability claim effective May 9, 2001.

Prior to the award of benefits from ReliaStar, Jones received disability benefits from the VA. Beginning in 1971, the VA continuously paid Jones benefits for a disability caused by a shrapnel wound to his left shoulder. In 1999, Jones applied for additional disability benefits from the VA based on diabetes. The VA awarded Jones the additional benefits on December 27, 2001, with an effective date of November 18, 1999.

On April 19, 2005, ReliaStar informed Jones that it had discovered that he was receiving disability benefits from the VA because of his diabetes, and explained that his benefits under the ReliaStar plan would be reduced by the amount of his diabetes-based VA benefits pursuant to a provision in the plan. Under the ReliaStar plan, "Other Income is subtracted from the benefit [a participant] would otherwise receive."

---

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

(Appellant App. 48). "Other Income" is defined as income that a plan participant is eligible to receive based on "the same or related disability for which [he is] eligible to receive benefits under the Group Policy." (Appellant App. 48). Based on these provisions, ReliaStar concluded that Jones's diabetes-based benefits from the VA were "other income" that should be subtracted from the amount of benefits payable under the ReliaStar plan. Jones brought an administrative appeal, and ReliaStar's ERISA Appeal Committee concluded that the offset of the VA benefits was appropriate.

Jones then filed suit in the district court pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and sought discovery. The district court denied Jones's request for discovery and dismissed the case, concluding that ReliaStar's decision to offset Jones's benefits was not an abuse of discretion.

II.

Jones first contends that the district court erred by rejecting his argument, presented by way of a motion in the district court, that the court should apply a less deferential standard of review than "abuse of discretion" when evaluating ReliaStar's decision. We review *de novo* whether the district court applied the correct standard of review in evaluating the plan administrator's decision. *See Hackett v. Standard Ins. Co.*, 559 F.3d 825, 829 (8th Cir. 2009). When an ERISA plan provides a plan administrator with discretion to construe the terms of the plan, the court should review the administrator's interpretation under an abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Jones does not dispute that the Plan gave ReliaStar discretion to interpret the terms of the Plan, and the district court thus did not err in applying the abuse of discretion standard. Jones's contention that a less deferential standard of review should apply because ReliaStar was operating under a conflict of interest was rejected in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343, 2350-51 (2008).

-3-

Jones next argues that the district court erred in denying his motion for leave to conduct discovery. We review the district court's discovery rulings for abuse of discretion. *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 811 (8th Cir. 2007). In ERISA cases, the general rule is that review is limited to evidence that was before the administrator, *see id.*, and Jones presents no convincing reason why this case should be an exception. He emphasizes that discovery should be allowed to explore ReliaStar's conflict of interest, but ReliaStar concedes that it was both insurer and administrator of the plan, so discovery is unnecessary to establish the existence of a conflict. *See Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998). Jones's challenge to the merits of ReliaStar's decision involves an application of policy language to undisputed facts, and the administrative record is sufficient to permit a fair evaluation of ReliaStar's decision. The district court did not abuse its discretion in denying Jones's request for discovery.

The central issue in the appeal is whether ReliaStar abused its discretion in deciding to offset Jones's disability benefits. Our cases identify several factors that inform our analysis, including whether the administrator's interpretation is "inconsistent with the Plan's goals, whether it renders language of the plan meaningless, superfluous, or internally inconsistent, whether it conflicts with the substantive or procedural requirements of ERISA, whether it is inconsistent with prior interpretations of the same words, and whether it is contrary to the Plan's clear language." *Erven v. Blandin Paper Co.*, 473 F.3d 903, 906 (8th Cir. 2007). The ultimate question is whether the administrator's interpretation was reasonable. *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 999 (8th Cir. 2005) (en banc).

The Plan directs ReliaStar to offset the payment of disability benefits by the amount of benefits that a participant receives from other sources because of "the same or related disability." There is no dispute that Jones began to receive benefits from the VA for a related disability (*i.e.*, diabetes) effective November 1999. The Plan,

-4-

however, also provides an exception that benefits will not be reduced by disability benefits that the participant receives from a past employer, "if these benefits have been paid continuously to [him] for more than 2 years before [he] become[s] eligible to receive benefits under the Group Policy." (Appellant App. 49).

ReliaStar concluded that the exception did not apply to Jones, because he did not begin to receive benefits from the VA for a diabetes-related disability more than two years before he was eligible to receive disability benefits under the Plan. ReliaStar reasoned that the award of VA benefits that commenced with an effective date of 1999 based on Jones's diabetes was "separate and distinct" from the 1971 award of VA benefits based on the shoulder injury. Because the monthly VA benefit for Jones's diabetes-related disability had not been paid continuously for more than two years before Jones was eligible for benefits under the Plan, ReliaStar ruled that the exception did not apply, and that an offset was appropriate.

Jones argues that ReliaStar abused its discretion, because he had received disability benefits from the VA continuously since 1971 for his shoulder disability. He contends that it is irrelevant under the Plan whether the additional VA benefits for which he became eligible in November 1999 were related to, or a continuation of, the preexisting shoulder-related benefits. His position is that because he has received VA benefits continuously for more than two years before he became eligible for benefits under the Plan, ReliaStar may not reduce his Plan benefits by any of his VA benefits.

We conclude that ReliaStar's interpretation of the Plan was reasonable. The Plan requires that "other income" be subtracted from benefits paid under the ReliaStar policy. The "exceptions" provision then sets forth certain benefits by which the ReliaStar benefits "will not be reduced." An "exception" is "one that is excepted or taken out from others." *Webster's Third New International Dictionary* 791 (2002). It was reasonable for ReliaStar to construe the "exceptions" provision as a limitation on the scope of "other income," given that the exceptions follow immediately after the

-5-

"other income" definitions in the Plan, and there must be some preexisting benefit reductions from which to make exceptions.

It was also reasonable for ReliaStar to interpret the exception for disability benefits received continuously for two years from a past employer to mean benefits received from the employer because of "the same or related disability" for which the participant is eligible to receive benefits under the Plan. The Plan does not define "other income" to include disability benefits paid by a former employer because of *unrelated* disabilities. There is thus no reason for the plan to except benefits paid for unrelated disabilities from the definition of "other income," because those benefits are not included in the first place. ReliaStar's resolution of the interplay between "other income" and the "exceptions" was a reasonable interpretation of the Plan.

The Supreme Court's decision in *Glenn* provides that ReliaStar's admitted conflict of interest as both insurer and administrator should be considered as a factor in determining whether the administrator abused its discretion. 128 S. Ct. at 2350-51. A conflict of interest can "act as a tiebreaker" when the issue is close, *id.* at 2351, and can assume "great importance" "where circumstances suggest a higher likelihood that it affected the benefits decision." *Id.* The district court did not expressly weigh the conflict of interest in its analysis, but our review is *de novo*, *see Norris v. Citibank, N.A. Disability Plan (501)*, 308 F.3d 880, 883-84 (8th Cir. 2002), and there is no need to remand for further consideration. *See, e.g.*, *Wakkinen v. Unum Life Ins. Co. of Am.*, 531 F.3d 575, 581-82 (8th Cir. 2008).

This is not a close case in which the conflict of interest likely tipped the balance. In our view, ReliaStar's reading of the provisions is not only reasonable, but plainly the better interpretation of the Plan. We therefore conclude that ReliaStar did not abuse its discretion in deciding to offset Jones's disability benefits based on his receipt of diabetes-related disability benefits from the VA.

The judgment of the district court is affirmed.

_____