BEAM, Circuit Judge.
James Riley appeals the district court’s adverse grant of summary judgment in favor of Sun Life in this Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., benefits case. The sole issue is whether Sun Life is entitled to offset from Riley’s employer-provided long-term disability benefits the amount that Riley receives in Department of Veterans Affairs (VA) benefits each month. The district court upheld Sun Life’s decision to offset Riley’s VA benefits from his long-term disability award. We reverse.
I. BACKGROUND
Riley worked for Sumaria Systems until his multiple sclerosis (MS) symptoms precluded him from performing his job duties. Sun Life provided an ERISA-qualified long-term disability plan (the Plan) for Sumaria employees. When Riley became too disabled by his MS symptoms to work, he made a claim for long-term disability benefits under the Plan. Sun Life approved the claim and began paying benefits in January 2005. It is undisputed that Riley is entitled to these long-term disability benefits due to his MS.
Riley is a veteran of the Vietnam War and receives monthly disability benefits pursuant to the Veterans’ Benefits Act, 38 U.S.C. § 101 et seq., (VBA) as a result of his MS. The administrative record indicates that Riley’s MS is considered a service-related disability contracted during a period of war.[1] In 2007, in the process of updating Riley’s records, Riley completed a supplemental questionnaire from Sun Life disclosing his receipt of these VA benefits. After gaining this knowledge, Sun Life took the position that it was entitled to offset the amount that Riley received in VA benefits. The Plan provides that monthly disability payments can be reduced by “other income,” and, as relevant and relied upon by Sun Life, the Plan defines “other income” as “[a]ny *741 amount of disability or retirement benefits under: a) the United States Social Security Act [SSA] ...; b) the Railroad Retirement Act [RRA]; c) any other similar act or law provided in any jurisdiction.” Sun Life recalculated Riley’s benefits offsetting his VA benefits and claimed a net overpayment of $20,831.06 for the years that Riley received both VA and Plan benefits without offset.
Riley timely appealed the Plan’s determination, and Sun Life denied his appeal, again citing the Plan’s “other income” language quoted above. Riley timely appealed this determination to the district court. The district court found that because MS was the same disability underlying both Plan and VA benefits, the VA benefits qualified as “other income” and should be offset. Riley appeals.
II. DISCUSSION
We review de novo the district court’s grant of summary judgment regarding an ERISA plan administrator’s benefits determination. Manning v. Am. Republic Ins. Co., 604 F.3d 1030, 1038 (8th Cir.), cert. denied, — U.S.-, 131 S.Ct. 648, 178 L.Ed.2d 480 (2010). If, as here, the Plan reserves discretionary power to construe Plan terms or make eligibility determinations, the administrator’s decisions concerning those matters are reviewed for an abuse of discretion. Id. However, as in this case, “where a plan’s decision ... is based on its construction of existing law, the plan’s interpretation of a controlling principle of law is reviewed de novo.” Meyer v. Duluth Bldg. Trades Welfare Fund, 299 F.3d 686, 689 (8th Cir. 2002).
The Plan cites High v. E-Systems Inc., 459 F.3d 573 (5th Cir.2006), and Jones v. ReliaStar Life Insurance Co., 615 F.3d 941 (8th Cir.2010), in support of its arguments that its decision to offset VA benefits was reasonable and not an abuse of its discretion. In High, the plan language stated in relevant part that long-term disability benefits could be offset by “benefits payable under any other group disability plan.” 459 F.3d at 578. The High plan administrator found, and the reviewing courts agreed, that under that broad plan language, VA disability benefits could be offset. Id. at 578. But see Williams v. Group Long Term Disability Ins., No. 07-6022, 2008 WL 2788615, at *3 (N.D.Ill. July 17, 2008) (disagreeing with High and holding that even though the plan language was identical to the plan language in High, VA benefits could not be offset because VA benefits were not specifically spelled out as an offset and, because VA benefits are “different,” the court was “hesitant” to take away.VA benefits unless it was “clear to the [employer] at the outset” that VA benefits would be offset).
Likewise, in Jones, we upheld the Plan’s discretionary decision to offset VA benefits from the employee’s long-term disability benefits. 615 F.3d at 946. However, the Jones plan language defined “other income” that could be offset as income based upon “the same or related disability for which [the participant is] eligible to receive benefits under the Group Policy.” Id. at 944 (quotation omitted). High and Jones are thus wholly distinguishable from the instant case based on the different language of the plans at issue. The Jones plan language required an other-income offset for benefit payments based upon the same or related disability. The High plan very broadly allowed offsets for payments from “any other group disability plan.” The most that one can conclude from both High and Jones is that VA benefits may not always be entitled to protection simply lay virtue of their status as veterans’ benefits. But, in any event, High and Jones do not inform the outcome of this case because they both involve plan language *742 quite different from the Plan language relied upon here.[2]
The “other income” section of the Plan at issue here provides that an other-income offset should occur if benefits are received from the SSA or the RRA or “any other similar act or law provided in any jurisdiction.” Although the Plan administrator must have ultimately determined that the VBA was similar to the SSA and/or the RRA since Riley’s VA benefits were offset, we can find no evidence in the record that the Plan administrator undertook a meaningful analysis of this federal legislation in making this determination. Instead, the Plan administrator simply informed Riley that he was “on notice” that his VA benefits could be offset because Riley’s original application for long-term benefits contained an inquiry as to what other disability income benefits he was receiving, and VA benefits were included as an example of possible income in the inquiry. However, all that can be gleaned from the application’s language is that Sun Life was interested in knowing what other sources of income were available to Riley. The application did not describe the other sources of income as “offsets.” Nor did the actual Plan (as opposed to the application) contain any other provision expressly putting Riley on notice that VA benefits would be offset.[3]
Accordingly, we disagree with the Plan administrator’s decision to offset Riley’s VA benefits. Those benefits, for a wartime service-related disability, as a matter of statutory construction, do not derive from an act that is “similar to” the SSA or RRA. The SSA and RRA disability benefits’ [4] programs are both federal insurance programs based upon employment and the amount of an award under them terms depends upon how much has been paid in. See generally Hisquierdo v. Hisquierdo, 439 U.S. 572, 573-74, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (discussing the history and purpose of the RRA, including the similarities of RRA’s “second tier” insurance and disability program to the SSA system); Yost v. Schweiker, 699 F.2d 438, 440 (8th Cir.1983) (noting the overlap between the SSA and RRA insurance programs); 42 U.S.C. § 401 et seq. (SSA); 45 U.S.C. § 231 et seq. (RRA). This correlation is necessary because the funding for SSA and RRA disability benefits derives from a tax on both the employee and employer. 26 U.S.C. §§ 3101, 3111(a) (setting forth basic Social Security tax); 26 U.S.C. §§ 3201, 3221 (setting forth basic Railroad Retirement tax).
Conversely, the VA benefits Riley is entitled to receive are not from an “insurance” program, but instead are considered obligatory compensation for injuries to service men and women during military duty. Since 1789, “after every conflict in which the Nation has been involved Congress has, in the words of Abraham Lin- *743 coin, ‘provided for him who has borne the battle.’ ” Walters v. Nat’l Ass’n of Radiation Survivors, 473 U.S. 305, 309,105 S.Ct. 3180, 87 L.Ed.2d 220 (1985). Riley’s benefits were awarded based solely on service[5] during a time of war[6] plus an injury. These benefits are unrelated to length of service (subject to a ninety-day floor for the latent diseases and conditions), rank, or amount of pay received while serving. 38 U.S.C. §§ 1110, 1112. Instead, the amount of benefits depends upon the extent of the veteran’s injury. Id. § 1114. VBA benefits are funded by Congress through the VA’s budget instead of by a tax on members of the military. Additionally, the VBA sets forth a much easier road for the disabled veteran than the SSA or RRA claimant. 38 U.S.C. § 5107 provides that the Secretary of Veterans Affairs must consider all lay and medical information, and when the evidence is in equipoise, “the Secretary shall give the benefit of the doubt to the claimant.” Id. § 5107(b). Compare Moore v. Astrue, 572 F.3d 520, 523 (8th Cir.2009) (noting that the burden is on the claimant to prove SSA disability from past relevant work before the burden shifts to the Commissioner to show there are jobs in the national economy that claimant can perform) and Reter v. R.R. Ret. Bd., 465 F.3d 896, 898 (8th Cir.2006) (same for RRA disability), with 38 U.S.C. § 5107; see also Henderson ex rel. Henderson v. Shinseki, — U.S.-, 131 S.Ct. 1197, 1200, 1205,179 L.Ed.2d 159 (2011) (describing the unique character of veterans’ benefits, including features that distinguish VA benefits’ cases from any other type of litigation and noting, “ ‘[t]he solicitude of Congress for veterans is of long standing’ ”) (quoting United States v. Oregon, 366 U.S. 643, 647, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961)); Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666-67 (Tex.1987) (construing an insurance policy with the same language as the instant case and concluding that the VBA is not “similar” to the SSA and/or the RRA, in large part because of the different objectives for which the three acts were created and the manner in which they are implemented).
As the Henderson Court recently noted, “[t]he contrast between ordinary civil litigation ... and the system that Congress created for the adjudication of veterans benefits claims could hardly be more dramatic.” 131 S.Ct. at 1205-06. Indeed, “[t]he [VBA benefits] process is designed to function throughout with a high degree of informality and solicitude for the claimant.” Walters, 473 U.S. at 311, 105 S.Ct. 3180. SSA and RRA claimants are not nearly so fortunate. The differing burdens, funding, and most especially, policy purposes of the VBA versus the SSA and/or the RRA indicate that as a matter of statutory construction, the VBA is in no relevant way similar to the SSA or the RRA.
III. CONCLUSION
We reverse and remand to the district court with directions to enter judgment in favor of Riley.

. Medical evidence contained in the administrative record indicates that Riley began complaining of difficulty using his hands, a not uncommon symptom of MS, during his active duty service time in 1973 and 1974. The medical examiner found that in light of these active duty medical reports, and other medical reports indicating early MS symptoms dating to at least as early as 1981, Riley had incurred MS during his period of active service. See 38 U.S.C. § 1112(a)(4) (stating that any veteran who developed MS within seven years from the date of separation from service during a period of war shall be presumed to have incurred or aggravated the MS during the period of service).

. We also agree with Judge Andersen’s analysis of High in Williams that Veterans’ benefits established by Congress can hardly be defined as "a group disability plan.” Williams, 2008 WL 2788615, at *3.

. To the contrary, Sun Life was on notice that at least one of its exemplar federal statutes, the SSA, does not permit offset of United States Code Title 38 Veterans' benefits, the source of Riley's disputed payments, against Social Security disability awards. See 42 U.S.C. § 424a(a)(2)(B).

.The RRA has a two-tier system of benefits. The upper tier, or Tier I, benefits are tied to earnings and career service, and are available to railroad employees with at least ten years of service in the industry. 45 U.S.C. § 231a(a)(l). The lower benefits tier, Tier II, corresponds to the benefits an employee would receive were he covered by the SSA. Id. § 23 lb(a)(l).

. Service-based VA benefits are awarded, as previously noted, when a veteran is injured either while serving during a period of war, or for certain latent diseases and conditions, within one to seven years of separation from service during a period of war. 38 U.S.C. §§ 1110, 1112(a).

. There are also disability benefits available for members of the military service who are injured while on active duty but not during a period of war. 38 U.S.C. § 1131.