# United States Court of Appeals
## For the First Circuit

No. 12-1085

DAVID HANNINGTON,

Plaintiff, Appellee,

v.

SUN LIFE AND HEALTH INSURANCE COMPANY,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]


Before

Howard, Ripple,[*] and Lipez,
Circuit Judges.


Joshua Bachrach, with whom Wilson, Elser, Moskowitz, Edelman
& Dicker LLP, Byrne Joseph Decker, and Pierce Atwood LLP were on
brief, for appellant.
Gisele M. Nadeau for appellee.


March 29, 2013


---

[*] Of the Seventh Circuit, sitting by designation.

**RIPPLE, Circuit Judge.** David Hannington filed this ERISA action against Sun Life and Health Insurance Company ("Sun") after Sun reduced his disability payments under an ERISA-qualified plan (the "Plan") because he also was receiving disability compensation under the Veterans' Benefits Act. The parties filed cross-motions for judgment on the record. After a hearing, the magistrate judge recommended that the district court grant Mr. Hannington's motion and deny Sun's. The district court approved the magistrate judge's recommended decision and entered judgment for Mr. Hannington.[1] Sun timely appealed.[2] For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

### A.

Mr. Hannington participated, through his employer, in a group long-term disability plan issued by Sun, then known as GE Group Life Assurance Company ("GE"). Under the Plan, a disabled beneficiary receives sixty percent of his pre-disability salary. However, the Plan reduces this benefit by amounts received as

---

[1] The district court's jurisdiction was predicated on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

[2] The jurisdiction of this court is based on 28 U.S.C. § 1291.

"Other Income."  This term is defined in the "Other Income" section of the Plan, which lists seven categories of income that will be deemed "Other Income" for purposes of reducing payments under the Plan.  The fifth of these categories, the focus of the current dispute, defines "Other Income" to include "any amount of disability or retirement benefits under:  a) the United States Social Security Act . . . ; b) the Railroad Retirement Act; c) any other similar act or law provided in any jurisdiction."[3]  The Plan further identifies GE, now replaced by Sun, as the claims fiduciary and grants it "the sole and exclusive discretion and power to . . . construe any and all issues relating to eligibility for benefits."[4] It further provides that "[a]ll findings, decisions, and/or determinations of any type made by the Claims Fiduciary shall not be disturbed unless the Claims Fiduciary has acted in an arbitrary and/or capricious manner."[5]

Mr. Hannington cannot work because he suffers from a

---

[3]  A.R. 103.  These seven categories of "Other Income" are: (1) temporary or permanent awards under various laws; (2) disability benefits under any compulsory benefit act or law; (3) disability or loss of income benefits under various insurance plans; (4) benefits received under an employer retirement plan; (5) the disputed section; (6) income received from any salary continuance plan; and (7) benefits under unemployment compensation laws.  Id.  To provide context, a copy of the "Other Income" section, denominated "Part 5" of the Plan, is appended to this opinion.

[4]  Id. at 120.

[5]  Id.

blood disease that he contracted from the administration of vaccinations during his service in the United States Air Force. On account of this disability, he receives service-connected disability compensation ("VA benefits") under the Veterans' Benefits Act.

Sun approved Mr. Hannington's claim for benefits under the Plan. Upon learning that Mr. Hannington was receiving VA benefits, however, Sun determined that these VA benefits qualify as "Other Income" and so reduced the amount of Mr. Hannington's monthly plan benefit by the amount of his VA benefits. Consequently, Mr. Hannington filed an administrative appeal as required by the Plan. Sun denied the appeal.

**B.**

Mr. Hannington then initiated this action in the district court. When Sun submitted the administrative record to the district court, it also produced an affidavit from the associate director of its appeal unit that set forth the procedures implemented by Sun to fulfill its fiduciary duties under the Plan. It submitted that these procedures sufficiently neutralize its structural conflict of interest as both plan underwriter and fiduciary.

The district court referred the case to a magistrate judge for a recommended decision. In her recommendation, the

magistrate judge first noted that, because the plan document gave Sun discretion to interpret and construe the Plan's language, the court's review was governed by the deferential arbitrary and capricious standard. The magistrate judge further noted, however, that the fact that Sun was construing policy language in favor of its own financial interest while laboring under a structural conflict of interest was not an irrelevant factor and that the court was entitled to take such a situation into consideration.

Turning to the merits of the dispute, the magistrate judge reviewed the similarities that Sun had pointed out between the Social Security Act and the Veterans' Benefits Act[6] and compared the service-connected disability compensation that Mr. Hannington receives to Social Security disability benefits. She reviewed the respective statutes' definitions of "disability" and their purposes in awarding disability benefits.[7] Ultimately, the magistrate judge determined that those similarities were

---

[6] Before the magistrate judge, Sun provided no specific discussion of the Railroad Retirement Act. R.31 at 9 n.8. Sun identified the following similarities between the Veterans' Benefits Act and the Social Security Act: (1) they are federal laws, which provide disability benefits; (2) benefits are paid periodically; (3) death benefits are available; (4) the Acts contain anti-assignment clauses; (5) benefit claims are administered by independent agencies; and (6) a single application can be used to apply for both Social Security and VA benefits. R.21 at 6. Sun also argued that benefits under both are awarded without regard to fault and represent compensation for lost earning capacity. Id. The magistrate judge rejected these last two arguments as erroneous. R.31 at 9-10 nn. 9, 10.

[7] R.31 at 9-11.

superficial and represented only a "few common threads [which] are woven into larger and distinctly different fabrics."[8]  In her view, it was "the differences [between these Acts] that stand out upon comparison, not the similarities."[9]

She also emphasized Sun's structural conflict of interest, concluding that "[a] fiduciary free of a structural conflict of interest would not attempt to emphasize the limited similarities given the more substantial and meaningful differences that are readily apparent, particularly as the Plan Certificate makes no mention of VA benefits at all."[10]  In the magistrate judge's view, "[a] reasonable fiduciary would be troubled by the [Plan's] omission of any reference to veterans' benefits or service-connected disability compensation."[11]  The magistrate judge found persuasive the decision of the Eighth Circuit in Riley v. Sun Life & Health Insurance Co., 657 F.3d 739, 741 (8th Cir. 2011), cert. denied, 132 S. Ct. 1870 (2012), in which the court construed identical plan language under a de novo standard of review because the fiduciary's interpretation was "based on its construction of existing law."  The Riley court concluded that VA benefits, awarded "for a wartime service-related disability, as a matter of statutory

---

[8]  Id. at 10.

[9]  Id.

[10]  Id.

[11]  Id. at 11.

construction, do not derive from an act that is 'similar to' the SSA [Social Security Act] or the RRA [Railroad Retirement Act]." Id. at 742.

In due course, the district court concurred in the magistrate judge's analysis and entered judgment for Mr. Hannington.  Sun then filed this timely appeal.

## II

## DISCUSSION

We review de novo the district court's grant of judgment on the record.  Morales-Alejandro v. Med. Card Sys., Inc., 486 F.3d 693, 698 (1st Cir. 2007).  Therefore, we must employ the same standard of review that the district court was required to employ on the issue for decision.

## A.

The district court reviewed Sun's offset of Mr. Hannington's VA benefits under a deferential, arbitrary and capricious standard.[12]  This deferential standard is appropriate when "the benefit plan gives the administrator or fiduciary[13] discretionary authority to determine eligibility for benefits or to

---

[12]  See id. at 5.

[13]  "Administrator," "claims fiduciary" and "plan fiduciary" are used interchangeably by the parties in this case.  For consistency, we shall refer to Sun as the Plan's "fiduciary."

construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Thus, when such discretion is vested in the plan fiduciary, as it is here, our standard of review for the fiduciary's interpretation of plan language is deferential. See Cusson v. Liberty Life Assurance Co., 592 F.3d 215, 230 (1st Cir. 2010). However, when the plan fiduciary is required, in the course of determining the meaning of the plan language, to interpret material outside the plan, our review of the extra-plan material is de novo.

For instance, in Coffin v. Bowater Inc., 501 F.3d 80 (1st Cir. 2007), we addressed an administrator's determination that its plan obligations to its subsidiary's workers terminated upon the subsidiary's sale. The plan at issue allowed the administrator "to modify, amend or terminate the plan at any time" and "afford[ed] the administrator substantial deference." Id. at 84, 85. The Coffin administrator argued that a stock purchase agreement executed in connection with the sale contained language sufficient to terminate its obligations and satisfy ERISA's procedural termination requirements. Id. at 84. Discussing the standard of review, we held that "[w]here the administrator's determination of eligibility depends upon an interpretation of non-plan documents (in this case, the [stock purchase agreement]), our review is . . . de novo." Id. at 85 (citing Firestone, 489 U.S. at 112). Thus, we reviewed de novo the administrator's interpretation of the stock

purchase agreement and of ERISA (that the stock purchase agreement satisfied ERISA's requirements).

Our decision in Coffin is in accord with the decisions of the other circuits that have recognized that when a fiduciary's interpretation of the plan is based on a legal determination, review is de novo. See, e.g., Daft v. Advest, Inc., 658 F.3d 583, 594 (6th Cir. 2011) (noting that the deferential standard of review "does not apply to a plan administrator's determination of questions of law, such as whether a plan meets the statutory definition of a top-hat plan; a court reviews those questions de novo"); Riley, 657 F.3d at 741-42 (concluding in a case identical to the one before us in all significant respects that the de novo standard of review ought to apply because the court was required to review the administrator's "interpretation of a controlling principle of law"--the character and scope of benefits under the Veterans' Benefits Act (internal quotation marks omitted)); Johannssen v. Dist. No. 1--Pac. Coast Dist., MEBA Pens. Plan, 292 F.3d 159, 169 (4th Cir. 2002) ("Such legal questions are appropriate terrain for the courts, not plan administrators, and when eligibility determinations turn on questions of law we have not hesitated to apply a de novo standard of review."), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008); Weil v. Ret. Plan Admin. Comm. of Terson Co., 913 F.2d 1045, 1049 (2d Cir. 1990) (same), vacated on other grounds, 933

F.2d 106 (2d Cir. 1991); see also 2 Lee T. Polk, ERISA Practice & Litigation § 11:53 (2010).

In the particular dispute before us, Sun's interpretation of the "Other Income" section of the Plan depends wholly upon its interpretation of external, non-plan material:  the Veterans' Benefits Act,[14] the Social Security Act[15] and the Railroad Retirement Act.[16]  Under the Plan language, the character of, and especially

[14]  The only citation Sun provides to the Veterans' Benefits Act is 38 U.S.C. § 1110.  See Appellant's Br. 16.  Section 1110 is only the provision concerning basic entitlement to service-connected disability compensation.  Like other courts to consider the issue, see, e.g., Riley v. Sun Life & Health Ins. Co., 657 F.3d 739, 740 (8th Cir. 2011), we believe that the Veterans' Benefits Act begins at 38 U.S.C. § 101 and encompasses all of Title 38 (Veterans' Benefits).

It is probably a misnomer to refer to Title 38 this way.  See Gov't's Amicus Br. 5.  Title 38 provides for all veterans' benefits but is not comprised of one act.  In 1958, Congress passed Public Law 85-857, which was codified as Title 38, "[t]o consolidate into one Act all of the laws administered by the Veterans' Administration."  Pub. L. No. 85-857, 72 Stat. 1105 (1958).  This enactment codified provisions for both service-connected disability compensation and non-service-connected disability pensions.  In subsequent years, Title 38 has been amended multiple times.  However, since the parties use the term "Veterans' Benefits Act," we also refer to Title 38 in this way for ease of discussion.

On October 15, 2012, this court issued an order inviting the United States to file a brief as amicus curiae "presenting its view on whether the Veterans' Benefits Act reasonably could be characterized as similar to the Social Security Act or the Railroad Retirement Act such that benefits under the Veterans' Benefits Act could be deemed equivalent to those provided under the other two acts."  Hannington v. Sun Life & Health Ins. Co., No. 12-1085, R.32 at 2 (Oct. 15, 2012).  The court expresses its thanks to the United States for having accepted the invitation and for having provided a very helpful brief.

[15]  42 U.S.C. §§ 401 et seq.

[16]  45 U.S.C. §§ 231 et seq.

-10-

the benefits available under, the comparator acts and the statute providing the benefits potentially available for off-set determine the scope of benefits available under the Plan. If the Veterans' Benefits Act is not similar to the Social Security Act and/or the Railroad Retirement Act, then Sun cannot offset Mr. Hannington's VA benefits. Therefore, because Sun's decision to offset Mr. Hannington's VA benefits was governed entirely by its interpretation of several statutes, the district court ought to have reviewed de novo Sun's determination that Mr. Hannington's VA benefits were "Other Income" under the Plan; this is the standard of review which we also must employ.

**B.**

We now turn to an examination of Sun's decision, as plan fiduciary, to set off Mr. Hannington's VA benefits against the amount owed him under the Plan.

**1.**

Sun seeks reversal of the district court's decision prohibiting its offset of Mr. Hannington's service-connected disability compensation under the Veterans' Benefits Act against the long-term disability payments that it provides to him under the Plan. Sun bases its position on an interpretation of the Plan's "Other Income" section. In its view, under the fifth clause of

-11-

this section, Mr. Hannington's VA service-connected disability compensation must be considered income from "a similar act or law." The fifth clause defines "Other Income" as follows:

> [a]ny amount of disability or retirement benefits under:
>
> a) the United States Social Security Act to which[:]
>
>> i) you are entitled; and
>>
>> ii) your Dependents may be entitled because of your disability or retirement;
>
> b) the Railroad Retirement Act;
>
> c) any other similar act or law provided in any jurisdiction.[17]

Sun determined that the Veterans' Benefits Act is similar to the Social Security Act and/or the Railroad Retirement Act based simply on its identification of some common characteristics of the statutes. Sun observes that all (1) are federal, (2) pay certain periodic disability benefits, (3) have anti-assignment clauses and (4) are administered by independent agencies. It also stresses the similarities between the Social Security Act and the Veterans' Benefits Act: Both pay benefits based on impairment of earning capacity, both ensure a minimum level of income and both can have identical qualifications because one way to qualify for VA benefits is to have been determined permanently disabled under the Social Security Act.

---

[17] A.R. 103.

Importantly, Sun has never considered whether the VA service-connected disability compensation Mr. Hannington receives is similar to available disability benefits under the comparator acts. Sun's statutory interpretation ignored the <u>context</u> and the <u>purpose</u> of the comparison. When, as here, the object of the inquiry is to identify sources of income for purposes of set-off, a meaningful comparison of the Social Security Act and the Railroad Retirement Act to a potentially similar act or law requires a comparison of the benefits offered by the laws in question. The "Other Income" section has no interest in the administrative mechanics of various statutory schemes or of the statutory structure of the agency administering the disbursement. Its focus is simply the nature of the payments and the role that they play in the financial health of the recipient. The district court was therefore correct in characterizing Sun's focus on factors not relevant to this inquiry as "superficial."[18] Sun's approach to the

---

[18]  R.31 at 10.  Sun also cites the Texas Supreme Court's statement in <u>Barnett</u> v. <u>Aetna Life Insurance Co.</u>, 723 S.W.2d 663, 666 (Tex. 1987), of the "similar features" of the Social Security Act and the Veterans' Benefits Act. Both "are (1) governmental or legislative plans providing for (2) periodic payment (3) to qualified individuals (4) who have suffered a physical disability (5) without regard to fault.  In addition, all provide death benefits, have anti-assignment clauses, and are administered by independent agencies." <u>Id.</u>  These similarities are superficial; as the Texas Supreme Court went on to note, "the similarity of features of the acts are not the key ingredient, rather it is the objectives for which they were created and the manner in which the acts are implemented." <u>Id.</u> at 666-67.

interpretation question was thus improper and, as we shall explain, its conclusion also was erroneous.

## 2.

Sun's inexplicable decision to omit from its comparison of the disability statutes any examination and comparison of the substantive features of the veterans' disability scheme caused it to misapprehend, seriously, the degree of <u>dis</u>similarity between the Veterans' Benefits Act and the comparator acts. When the substantive features of the Veterans' Benefits Act are viewed as a whole, its dissimilarity in scope and purpose to the Social Security Act and the Railroad Retirement Act is evident.

The primary purpose of the Veterans' Benefits Act is to care for and to support those who have served our Country in the Armed Forces of the United States.[19] Its purpose is to, "in the words of Abraham Lincoln, 'provide[] for him who has borne the

---

[19] Title 38 therefore includes not only disability compensation, but a host of other benefits for veterans. <u>See, e.g.</u>, 38 U.S.C. §§ 1902 (life insurance policies), 3461 (entitlement to educational assistance), 3710 (loans to purchase or construct a primary residence). Therefore, as a threshold matter, the Veterans' Benefits Act's broad scope demonstrates the inaccuracy of Sun's view that its "primary purpose [is] providing the same types of benefits" as the Social Security Act and the Railroad Retirement Act. Appellant's Br. 16. The Social Security Act and Railroad Retirement Act do not provide life insurance, home or small business loans, educational benefits or any other benefits beyond those for disability and retirement; they certainly do not offer benefits specifically designed to assist beneficiaries with navigating most major facets of civilian life. <u>See</u> 38 U.S.C. §§ 3001-4335 (Part III. Readjustment and Related Benefits).

battle, and his widow and his orphan.'" <u>Walters</u> v. <u>Nat'l Ass'n of Radiation Survivors</u>, 473 U.S. 305, 309 (1985). VA benefits therefore are linked not to employment but to past service in the Armed Forces. Notably, because of this fundamental difference in purpose and scope, "funding for SSA [Social Security Act] and RRA [Railroad Retirement Act] disability benefits derives from a tax on both the employee and employer" whereas Veterans' Benefits Act "benefits are funded by Congress through the VA's budget instead of by a tax on members of the military." <u>Riley</u>, 657 F.3d at 742, 743.

This purpose stands in stark contrast to the Social Security Act and the Railroad Retirement Act. The Social Security Act and the Railroad Retirement Act, like many of the other types of "Other Income" defined in the Plan, are insurance programs tied to the beneficiary's employment.[20] <u>See</u> <u>generally</u> <u>Hisquierdo</u> v. <u>Hisquierdo</u>, 439 U.S. 572, 573 (1979) (discussing the Railroad Retirement Act's purpose as "provid[ing] a system of retirement and disability benefits for persons who pursue careers in the railroad industry"); <u>California Dep't of Human Res. Dev.</u> v. <u>Java</u>, 402 U.S. 121, 130-32 (1971) (discussing the purposes and history of the Social Security Act).

---

[20] "Other Income" includes: workers' compensation; benefits under an occupational disease law; a settlement with an employer in lieu of workers' compensation; benefits received under a plan related to or from the beneficiary's employer; unemployment compensation; and a salary continuance plan. A.R. 103.

Furthermore, when we focus only on benefits related to disability, the statutory scheme of the Veterans' Benefits Act provides for two different types of benefits: service-connected disability compensation (which Mr. Hannington receives) and disability pensions for veterans of wartime service or their surviving spouses or children.[21] The latter benefit arguably might bear some substantive similarity to the benefits obtainable under the Social Security Act and the Railroad Retirement Act, but we need not and do not decide that question today. The former, however--the service-connected disability compensation received by Mr. Hannington--is decidedly different, and it is the substantive nature of this benefit that must be compared to those under the comparator statutes. These VA benefits are based on diseases and injuries incurred by service personnel on account of their military service. They are calculated not on a particular veteran's actual disability but rather "represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations."[22] Because they are based on the special sacrifice of illness or injury in military service, they are payable in increments of disability ranging from ten percent to one

---

[21]  See 38 U.S.C. §§ 1521, 1541, 1542.

[22]  38 C.F.R. § 4.1; see also 38 U.S.C. § 1155.

-16-

hundred percent.[23]  Notably, although Congress has forbidden duplication for some government benefits, it has not done so when there is an overlap between Social Security Act or Railroad Retirement Act benefits and VA benefits.[24]

There are very important substantive differences between the Veterans' Benefits Act and the Social Security Act and the Railroad Retirement Act, especially between the service-connected disability compensation received by Mr. Hannington and the available benefits under the comparator acts.  These differences render the Veterans' Benefits Act, as a matter of statutory construction, dissimilar to the Social Security Act and the Railroad Retirement Act.  Thus, the VA benefits Mr. Hannington receives are not "Other Income" for purposes of reducing the payment Sun owes Mr. Hannington under the Plan.

## Conclusion

The judgment of the district court is affirmed.

**AFFIRMED**.

---

[23]  See 38 U.S.C. §§ 1114, 1115.

[24]  See 20 C.F.R. § 226.72(d) (Railroad Retirement benefits are not reduced by the receipt of VA benefits); id. § 404.408(b)(2)(ii) (Social Security benefits are not reduced by the receipt of VA benefits).

120

## PART 5: OTHER INCOME

### Other Income

Other Income means those benefits or amounts you receive or are eligible to receive as indicated below:

1. Any temporary or permanent award under:
   a) any Workers' Compensation Law;
   b) any Occupational Disease Law;
   c) any other similar act or law; or
   d) any settlement or damages which is made in lieu of Workers' Compensation benefits and is paid to you, or which you would be entitled to in the absence of recovery by your Employer or a Workers' Compensation insurer, but only to the extent that any such damages or settlement represent compensation for your loss of income.
2. Any disability benefits under any compulsory benefit act or law.
3. Any disability or loss of income benefits provided under:
   a) any other group insurance plan including any disability benefits received under the terms of a group life insurance policy for permanent total disability.
   b) any Retirement Plan.
   c) any governmental retirement system as a result of your job with your Employer.
   d) any basic automobile reparations insurance (no fault) coverage unless prohibited by state law.
4. Any benefits received under any Retirement Plan from your Employer, including Disability Retirement Benefits, except that only that portion that is not funded by employee contributions will be considered a Retirement Plan benefit.
5. Any amount of disability or retirement benefits under:
   a) the United States Social Security Act to which;
      i) you are entitled; and
      ii) your Dependents may be entitled because of your disability or retirement;
   b) the Railroad Retirement Act;
   c) any other similar act or law provided in any jurisdiction.
6. Any income received from any formal or informal salary continuance plan. We will only consider as Other Income that amount which, when added to your Gross Monthly Benefit, exceeds 100% of your Basic Monthly Earnings. By Gross Monthly Benefit we mean the amount of your Monthly Benefit prior to any reductions by Other Income.
7. Any benefits under Unemployment Compensation Laws.

### Right of Recovery

With respect to Other Income, without our consent you shall not enter into any agreement, settlement, or take any action which may prejudice our rights. You must execute and deliver to us documents we may require to protect our rights and do whatever else is required to help us secure our rights. Any amounts which you are entitled to recover from any agreement, settlement or action will be considered as Other Income.

AR103

GC-B-6 (95)

-18-